IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY FRANCE,<br><br>       Plaintiff,<br><br>  v.<br><br>ROSS LUNCEFORD; CHRIS DEWEY; DAVID EYSTER; CITY OF UKIAH,<br><br>       Defendants. | No. C 19-3934 WHA (PR)<br><br>**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT; DENYING MOTION FOR RECONSIDERATION**<br><br>(Dkt. 24, 26, 28) |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights during his state court criminal proceedings and in police reports. Defendants City of Ukiah and Ross Lunceford, a Ukiah police officer, filed a motion for summary judgment, and defendant David Eyster, the Mendocino County District Attorney, filed a separate motion for summary judgment. Plaintiff did not file an opposition to the motions despite receiving two extensions of time to do so and a warning of the potential consequences if he did not. For the reasons explained below, the motions for summary judgment are **GRANTED**. Plaintiff's motion for reconsideration is **DENIED**.

## ANALYSIS

**A.   STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

**B.** **DISCUSSION**

Defendants participated in the investigation, arrest, and prosecution of plaintiff for being a felon in possession of a gun in 2018. Plaintiff filed a motion to suppress the gun based upon an illegal search, which the state court denied. Plaintiff subsequently pleaded guilty and received a sentence to state prison. He claims that defendant Lunceford, the arresting officer, lied in his testimony at the suppression hearing and in his police report. Lunceford's alleged lie was that he believed that a probationer named Jarod Kidd was at the house where plaintiff was staying, and that Lunceford could, therefore, search the house without a warrant. When Lunceford searched the house, he found plaintiff's gun. Plaintiff alleges that Lunceford and the prosecutor, defendant Eyster, knew that Mr. Kidd was in fact incarcerated at that time.

Defendants have shown that plaintiff made the same claims that he makes here in his prior lawsuit, *France v. City of Ukiah, et al.*, No. C 19-5969 WHA (PR). There, plaintiff alleged the same facts, and he claimed that defendants committed an illegal search, false arrest, and

malicious prosecution. Those claims were dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), because if they were proven true, they would necessarily undermine the validity of his conviction. Plaintiff argues that he makes different claims here than he did in his prior suit. Specifically, he asserts that in the instant suit he claims only that Lunceford (with Eyster's help) committed perjury at the suppression hearing and falsified the police report — by lying that he thought Mr. Kidd was at the house where plaintiff was staying. These are not distinct claims from those raised in his prior suit. In his prior suit, plaintiff alleged the same lie by Lunceford, and he needed to prove it in order to show that the search, arrest and prosecution were unconstitutional. Here, if he were to prove the same lie in order to show Lunceford perjured himself and falsified the police report, then the search, arrest and prosecution would similarly be unlawful. The perjury and falsified report claims are not independent or distinct claims from the illegal search and arrest claims in plaintiff's prior suit, but rather are part and parcel of such claims. In addition, the perjury and falsified report claims are, like the illegal search, arrest and prosecution claims, barred by *Heck* because proof that of the lie would "necessarily" mean that the search was illegal, admission of the gun evidence was error, and plaintiff's conviction for possession of the gun was not valid.

Plaintiff's claims were dismissed under *Heck* without prejudice to bringing them in a new civil rights action if his conviction for possession of a gun as a felon was reversed, dismissed, expunged, or otherwise invalidated. *See id.* at 487. Until such time, he may not pursue his claims in a federal civil rights action. Defendants are entitled to summary judgment.

Plaintiff has filed a motion for reconsideration of the Order denying his requests for discovery and a third extension of time to oppose summary judgment. Defendants' summary judgment arguments were purely legal and did not require discovery to oppose them, nor could such arguments be refuted with additional time or discovery would uncover. Also, plaintiff received two extensions of time and four months to file an opposition. He has not shown why he needed more. His complaints about restrictions at his prison due to the COVID-19 pandemic are irrelevant to the briefing on the instant motions because such restrictions came after he already

3

had four months — from October 2019 to February 2020 — to file his opposition  Plaintiff does not explain his failure or inability to prepare an opposition in that time.  There are no grounds for reconsideration.

**CONCLUSION**

For the reasons set out above, defendants' motions for summary judgment is **GRANTED.** The motion for reconsideration is **DENIED**.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: June   29   , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE